William Boyd BABINEAUX, Appellant,

v.

The STATE of Texas, Appellee.

No. 1416–89.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 28, 1990.

Rehearing Overruled Feb. 13, 1991.

David B. Bonham, Nederland, Jim Vollers, Austin, for appellant.

Charles R. Mitchell, Dist. Atty., San Augustine, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury for the offense of murder, V.T.C.A., Penal Code § 19.02(a)(1). His punishment was assessed at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, the Court of Appeals affirmed his conviction in a published opinion, *Babineaux v. State,* 777 S.W.2d 724 (Tex.App.—Beaumont 1989). This Court granted review to determine: (1) whether the Court of Appeals erred in finding that reversible error was not committed by the trial court in excluding evidence that the deceased was in possession of marihuana at the time of the offense; and, (2) whether the Court of Appeals erred in holding that the trial court properly refused to grant appellant's request that he be allowed to present to the jury evidence that had been judicially found to be exculpatory indicating that the deceased was in possession of marihuana at the time of the alleged offense.

After careful consideration of the record in this case and of briefs filed by both parties, we find that appellant's petition was improvidently granted. Just as in the cases where we refuse to grant a petition for discretionary review, our decision that such a petition was improvidently granted should not be construed as approval by this Court of either language or reasoning by the Court of Appeals in reaching its decision. *See Barreda v. State,* 760 S.W.2d 1 (Tex.Cr.App.1988).

Appellant's petition for discretionary review is hereby dismissed.

CLINTON, J., dissents.

BERCHELMANN and STURNS, JJ., not participating.

TEAGUE, Judge, dissenting.

I respectfully dissent to the majority's decision to put this Court's "improvidently granted" stamp to this cause. This cause presents this Court with the grand opportunity to discuss whether the controlled substance marihuana can, at least inferentially, create a state of mind in the deceased that would make the defense of self-defense for the defendant more credible.

Much of the following is reported in Lester Grinspoon's work, *Marihuana Reconsidered* (1971, Harvard University Press), and the *Austin American Statesman*, Friday, November 23, 1990, at page C4.

The present day "War on Drugs," as it relates to the controlled substance marihuana, actually commenced in the 1930's, through the efforts of H.J. Anslinger of the then Federal Bureau of Narcotics, now the Drug Enforcement Administration. Films, such as "Marihuana" (narrated by Sonny Bono of Sonny and Cher fame), and "Reefer Madness," had such influence on the American public to the extent that "The established belief views marihuana as an addicting drug that leads to personality deterioration and psychoses and to criminal behavior and sexual excess. For many, its use seems to forebode such catastrophe to the individual and the country that only laws that are Draconian in intent and execution will contain the threat." Greenspoon, supra.

Today, this Court is given the opportunity to participate in the most recent "War on Drugs", by discussing whether the polar view, that marihuana is no more harmful

than aspirin, is the correct view, or whether marihuana is truly a "killer drug," that can lead not only to crime, but to insanity and moral deterioration as well, which I believe is the position that a majority of the voters, at least in the South, would vote for if given the chance to vote on the issue, notwithstanding that it has been reported that marihuana is the most popular illegal drug today (it is reported that 30 million people use marihuana once a week), notwithstanding the crack epidemic, and notwithstanding former "Drug Czar" William Bennett's view that marihuana is no more harmful than alcohol.

Greenspoon also informs us that even the Federal Bureau of Investigation has sponsored the idea that a person who uses marihuana "becomes a fiend with savage or 'cave man' tendencies. His sex desires are aroused and some of the most horrible crimes result. He hears light and sees sound. To get away from it, he suddenly becomes violent and may kill." Greenspoon also informs us that the Federal Bureau of Investigation has put out literature that declares that marihuana is a "killer" drug which can cause murder, insanity, and death.

In this instance, the defendant wanted to introduce evidence that marihuana was found on the deceased, thus attempting to show inferentially that the deceased had the opportunity to ingest the drug marihuana and that this might have caused him to have a state of mind wherein he would be more prone or compelled to attempt to kill the defendant, i.e., that at the time the defendant shot him, the deceased was a "raving cannabis psychotic," thus adding credence to his claim of self-defense.

To the majority's decision to "improvidently grant" appellant's petition for discretionary review, I respectfully dissent.